IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JENNIFER WHITE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:22-cv-00746-O-BP |
| § | |
| HEIDER GARCIA, TARRANT COUNTY § | |
| ELECTIONS ADMINISTRATOR, *et al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Plaintiff's Response to Respondent's Notice of Removal and Motion to Remand (ECF No. 4) and Defendants' Motion to Dismiss and Brief in Support (ECF Nos. 5, 6), filed August 26, 2022; Defendants' Response to Motion to Remand and Brief in Opposition (ECF Nos. 8, 9), filed September 1, 2022; Plaintiff's Response to Defendants' Motion to Dismiss (ECF No. 10), filed September 7, 2022; Petitioner's Reply to Defendant's Motion to Oppose Remand (ECF No. 11), filed September 7, 2022; and Defendants' Reply Brief in Support of Motion to Dismiss (ECF No. 12), filed September 12, 2022. This case was automatically referred to the undersigned under Special Order 3 on August 25, 2022. ECF No. 2. After consideration of the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** Plaintiff's Motion to Remand **IN PART** and remand this case to the 348th Judicial District Court of Tarrant County, Texas. ECF No. 4.

**I.     BACKGROUND**

Jennifer White ("White") filed an action in state court against Defendants asking the trial court to dismantle Texas's electronic voting system and mandate hand-marked and hand-counted

voting. ECF No. 1-3 at 56. While White explicitly states that she is seeking redress only under Texas law, because of the number of references to federal law and the United States Constitution in White's state court Petition, the Defendants assert that she seeks relief under federal law and thus chose to remove the case to this Court based on federal question jurisdiction. ECF No. 9 at 1. White now asks the Court to remand the case to the state court from whence it came. ECF No. 4.

White asserts that Defendants violated the United States Constitution, federal laws, and state constitutional and statutory provisions in connection with recent elections before the 2022 general election using computerized voting. ECF No. 1-3. She claims violations of various federal laws including 42 U.S.C. §§ 1985 and 1986; the Guarantee Clause of the United States Constitution; 28 U.S.C. §§ 1367 and 1943; and 52 U.S.C. §§ 20511(2)(a)(b) and 10101. *Id.* at 37, 50-55. She claims that Defendants violated her procedural and substantive due process rights to vote and abridged her right to free speech. *Id.*

She also seeks an injunction requiring "the preservation of records of the elections for 2020 general, 2021 special, and 2022 primaries until such time that proper accounting of said elections are conducted." *Id.* She requests "a Declaratory Order that the Respondents adhere to the constitutionally protected process of collecting and counting votes that ensures integrity and transparency" and asserts this would require "hand-marked paper ballots that can be cast with anonymity … and hand-counted by residents of … Texas, not machines." *Id.* at 8. She also seeks preliminary and permanent injunctive relief restricting Defendants and their agents from implementing or enforcing the certification of all computerized voting systems and software not in compliance with the law. *Id.* at 58.

White also seeks declarations that Defendants have violated the Texas Constitution's Equal Protection Clause and Due Process Clause; that their approval of all computerized voting systems

is void, that the institution of their approval of such systems was arbitrary, capricious, and unlawful; and that Defendants' actions in approving the systems violated the Constitution and state and federal laws. She also seeks orders that would unseal absentee ballots and related information from the 2020 general election to permit her to "review, examine, inspect, and duplicate such materials" and an order requiring Defendants "to terminate all employees, agents, and contractors shown to have had knowledge of or acquiesced in the improper acts described" in her Petition. *Id.* at 57-58.

Defendants respond that the Court does not have subject matter jurisdiction over the case because White lacks standing, and her claims raise an impermissible political question. ECF No. 6 at 2-6. They further assert that even if the Court had subject matter jurisdiction, White's Petition fails to state a claim upon which relief can be granted. *Id.* at 6. Specifically, they allege that there is no private right of action under 18 U.S.C. § 245 and 52 U.S.C. §§ 20511, no claim for violation of state law under 42 U.S.C. § 1983, and no valid claim for declaratory relief. *Id.* at 6-9.

## II.     LEGAL STANDARD

A defendant's right to remove a case from state to federal court is statutory. 28 U.S.C. § 1441. However, not every case can be removed to federal court. The governing provision of the federal removal statute authorizes a defendant to remove "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The Court must have subject matter jurisdiction over the case or controversy removed. *See* 28 U.S.C. § 1441(a); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removing party bears the burden of showing that federal jurisdiction exists, and that removal was proper. *Willy v. Coastal Corp.,* 855 F.2d 1160, 1164 (5th Cir.1988). To determine whether jurisdiction is present for removal, the Court must consider the claims in the

state court petition as they existed at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir.1995).

However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). When removal is defective for lack of subject matter jurisdiction, the district court must remand the action regardless of whether the parties have moved the court to do so. *Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 392 (1998); *see also Int'l Primate Protection League v. Adm'rs of the Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) (holding that the literal words of § 1447(c) do not provide courts with discretion to dismiss, rather than remand, upon finding a lack of subject matter jurisdiction).

A defendant may remove a case to federal court if the complaint pleads a federal question. Under 28 U.S.C. § 1441(b), a defendant may remove to the federal courts "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States." The defendant bears the burden of demonstrating that a federal question exists. *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). A federal question exists "if there appears on the face of the complaint some substantial, disputed question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 12 (1983).

However, even if the complaint presents a federal question, the Court must still have subject matter jurisdiction over the case. *See* 28 U.S.C. § 1441(a). Subject matter jurisdiction does not exist in the absence of standing. The doctrine of standing provides definition to the Court's constitutional limits by "identify[ing] those disputes which are appropriately resolved through the judicial process." *Crane v. Johnson*, 783 F.3d 244, 251 (5th Cir. 2015). Standing has both constitutional and prudential components. *Cibolo Waste, Inc. v. City of San Antonio*, 718 F.3d 469,

473 (citing *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004)) (standing "contain[s] two strands: Article III standing ... and prudential standing"). To establish standing, a plaintiff must plead (1) an injury in fact, (2) that is fairly traceable to the defendant's conduct, and (3) that a favorable federal court decision is likely to redress. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). In a case removed from state court, the defendant has the burden of establishing the federal court's jurisdiction, "including the elements of standing." *Morales v. Specialized Loan Servicing, LLC*, No. SA-22-cv-00527-XR, 2022 WL 16549151, at *3 (W.D. Tex. Oct. 31, 2022) (citing *Lujan*, 504 U.S. at 560).

### III.   ANALYSIS

For the Court to have subject matter jurisdiction over this case, White must have standing to bring her claim here. Under *Lujan*, White does not have standing to pursue her claims because she has not properly alleged an injury in fact. Therefore, Judge O'Connor should remand White's cause of action to the state court for lack of subject matter jurisdiction.

To establish an injury in fact, a plaintiff must show that she suffered an "invasion of a legally protected interest" that is both "concrete and particularized" as well as "actual or imminent, not conjectural or hypothetical." *Id.* at 560. An injury is particularized if it affects the plaintiff in a personal and individual way. *Id*. For an injury to be concrete, it must be "de facto"; the injury must actually exist. *Id*. The injury in fact test requires that the party seeking relief be among those who are injured. *Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 215, 219 (5th Cir. 2002) (quoting *Sierra Club v. Morton*, 405 U.S. 727, 734-35 (1972). For a threatened injury to be "actual or imminent," it must be "certainly impending" — "allegations of possible future injury are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). A generalized "interest in seeing that the law is obeyed" is not a concrete or particularized injury sufficient to confer standing in federal

court. *Fed. Election Comm'n v. Akins*, 524 U.S. 11, 24 (1998). And a plaintiff lacks standing if she asserts an abstract right that she shares in common with members of the public at large. *Id.*

When considering standing in voting rights cases, the Supreme Court and the Fifth Circuit have differentiated between cases that allege a violation of a law versus a violation of rights. *See, e.g., League of United Latin American Citizens, Dist. 19 v. City of Boerne*, 659 F.3d 421, 430 (5th Cir. 2011); *see also Baker v. Carr*, 369 U.S. 186, 206 (1962). When a plaintiff complains about violation of a generalized voting law or procedure, but not of a violation of her constitutionally protected voting rights, the court has held that the injury suffered by the plaintiff is not a particularized injury. *See Lance v. Coffman*, 549 U.S. at 437, 441-442 (2007). A plaintiff lacks standing if she merely asks the Court to ensure that a voting law is obeyed. *Id.* at 441-42; *See also Akins*, 524 U.S. at 24.

Therefore, when White asserts that Tarrant County officials violated state and federal laws by using electronic voting systems, without specifically alleging any violations of her constitutional right to vote (ECF No. 1-3 at 37, 50-56), she is asserting an abstract harm that is no different from claim that might be brought by any other voter in Tarrant County. Her allegation that Tarrant County needs to properly obey the voting laws of the State of Texas is not enough to create a concrete and particularized injury for the purposes of Article III standing. *Lance*, 549 U.S. at 441-42; *Akins*, 524 U.S. at 24.

Additionally, White only makes generalized claims that apply to all computerized voting systems, not just those used in Tarrant County. ECF No. 1-3 at 50-56. She does not state how the electronic system used in Tarrant County has affected her or caused her a specific injury and how that injury differs from what everyone in the county has experienced. *Id*. This type of general claim does not set her apart from any other Tarrant County voter and does not create a particularized

injury that establishes Article III standing. *Lujan*, 504 U.S. at 560

Likewise, to confer standing a claimed threatened injury must be imminent and not speculative. *Stringer v. Whitley*, 942 F.3d 715, 720 (5th Cir. 2019). White's Petition, though many pages long, contains the kind of generalized grievances that do not confer standing. She fails to allege any concrete injury or likely threatened injury that would permit the Court to consider her claim.

Instead, White references numerous sources regarding the possibility of hacking and manipulation of voting machines. *See* ECF No. 1-3 at 6, 39. These possibilities are speculative at best. They are based on what might happen if Tarrant County's electronic voting system malfunctioned or was compromised by hackers or other destructive parties and, therefore, do not amount to the "imminent" injury required to confer standing. *Stringer*, 942 F.3d at 720. Thus, even if her claims were concrete and particularized, White fails to plead an injury in fact that is an actual, imminent, non-speculative injury that the Court could address. *See Clapper*, 568 U.S. at 409. As a result, White lacks standing to bring her claims against Defendants in federal court. The Court thus lacks subject matter jurisdiction over White's claims and must remand her case to state court.

Although they bear the burden of showing the Court's jurisdiction over the removed case, including White's standing to pursue her claims, Defendants instead seek dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. *See* ECF Nos. 5, 6, and 12. This contradictory approach supports remand of the case for lack of subject matter jurisdiction. As Judge Rodriguez noted in *Morales*, "courts in the Fifth Circuit have remanded cases to state court for failure to satisfy federal standing requirements." 2022 WL 16549151, at *3 (citing *Immigr. Reform Coal. of Tex. v. Texas*, 706 F. Supp. 2d 760, 765–65 (S.D. Tex. 2010)). Such a result is especially appropriate here where Defendants insist that White lacks standing to pursue her claims.

## IV.    CONCLUSION

Because White lacks standing to bring this action in federal court, the Court does not have subject matter jurisdiction over her claims. Consequently, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** White's Motion to Remand (ECF No. 4) **IN PART** to the limited extent that he should remand the case to the 348th Judicial District Court of Tarrant County, Texas pursuant to 28 U.S.C. § 1447(c). Because the Court lacks subject matter jurisdiction over the case, Judge O'Connor declines to grant any other relief requested by White or the Defendants.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on November 28, 2022.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

8